IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| | : | |
| | : | |
| IN RE: | : | CIVIL ACTION |
| TINA M. SHARKEY, | : | |
| | : | NO. 20-CV-5468 |
| | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                               **MARCH  17 , 2021**

Currently before the Court is a Motion for Leave to Proceed *In Forma Pauperis* and an Amended Complaint filed by Plaintiff Tina M. Sharkey. For the following reasons, we will grant Sharkey leave to proceed *in forma pauperis* and dismiss her Amended Complaint without prejudice.

**I.      BACKGROUND**

Sharkey initiated this civil action by filing with the Court a Notice of Right to Sue Letter that she obtained from the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1.) In an abundance of caution, the Clerk of Court treated Sharkey's submission as a Complaint and opened the instant civil action. In an Order dated November 6, 2020, the Court informed Sharkey that to proceed with her civil action she must file a proper pleading in accordance with the Federal Rules of Civil Procedure that identifies the defendants in the caption, the factual basis for her claims, and the relief she seeks from the Court. (ECF No. 3.) The Order also informed Sharkey that to proceed with this civil action she must either pay the applicable fees or file a motion for leave to proceed *in forma pauperis*. (*Id.*) Shortly thereafter, Sharkey submitted another Notice of Right to Sue Letter to the Court as an exhibit in her case. (ECF No. 4.)

Sharkey subsequently filed her pending Motion for Leave to Proceed *In Forma Pauperis* and Amended Complaint. (ECF Nos. 5 & 6.) The Amended Complaint names as Defendants Comcast Spectacor, LP ("Comcast") and Chelsea Cassell in the caption,[1] and identifies Comcast as the only Defendant in the body of the Amended Complaint. (ECF No. 6 at 4 & 8.)[2] By checking the appropriate locations on the form complaint, Sharkey indicates that she is bringing claims pursuant to Title VII based on her termination, and Comcast's failure to promote her and reasonably accommodate her Christian religion. (*Id.* at 4 & 8-9.) She also marked the location for "gender/sex" and wrote "because I am not [sexually] active nor do I want to be!" (*Id.* at 9.)

Sharkey states the following as the factual basis for her claims:

> What is on trail [sic] here is: The favor of God that is on my life. The freedom that was won for me. My livelihood, success and good name. It is an ongoing and continuely [sic] rejection of my works that I know pleases God. That hate and all and everything that God has done for me and I was fired without cause. They lied and stated that I did not report to work for 2 days. Which is a lie. I have never missed a day.

(*Id.*) She seeks assorted relief, including damages. (*Id.* at 11.)

## II. LEGAL STANDARD

We will grant Sharkey leave to proceed *in forma pauperis*. It appears that she cannot afford to pre-pay the fees to commence this civil action. We will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

---

[1] The caption also states "human resource," which presumably refers to the Human Resources Division of Comcast or Cassell's position.

[2] The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations are not sufficient. *Id.*  "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  As Sharkey is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

Title VII prohibits employment discrimination based on membership in protected classes. This includes religion. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)).  To state a claim under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was either a motivating or determinative factor in her employer's adverse employment action against her. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (2016).  In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).  Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she must

nevertheless "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Even under a liberal reading, Sharkey's Amended Complaint fails to allege facts plausibly establishing that she was terminated or otherwise discriminated against in employment due to her Christian religion or membership in any other protected class. She has not explained the nature of her job and the requirements of that job, described the circumstances giving rise to her termination, or explained what facts support a conclusion that her termination was based on her religion. Accordingly, the Amended Complaint does not state a claim and must be dismissed for that reason. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

## IV. CONCLUSION

For these reasons, Sharkey's Amended Complaint will be dismissed without prejudice to her filing a second amended complaint.[3] An appropriate Order follows that provides further instruction as to amendment.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[3] As the United States Court of Appeals for the Third Circuit has held that there is no individual liability under Title VII, claims against Cassell will be dismissed with prejudice. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996).