IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  : CIVIL ACTION
TINA M. SHARKEY, :
 : NO. 20-CV-5468

**ORDER**

**AND NOW**, this 17th day of March, 2021, upon consideration of Plaintiff Tina M. Sharkey's Motion to Proceed *In Forma Pauperis* (ECF No. 5), and the Amended Complaint (ECF No. 6) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The Amended Complaint is **DEEMED** filed.

3. The Clerk of Court shall **AMEND** the caption to reflect the following Defendants: Comcast Spectacor, LP and Chelsea Cassell.

4. The Amended Complaint is **DISMISSED** for the reasons stated in the accompanying Memorandum:

    a. Claims against Defendant Chelsea Cassell are **DISMISSED WITH PREJUDICE**; and

    b. Claims against Defendant Comcast Spectacor, LP are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph five (5) of this Order.

5. Sharkey may file a second amended complaint within thirty (30) days of the date of this Order in the event she can state an employment discrimination claim against Comcast. Any second amended complaint must identify all defendants in the caption in addition to

identifying them in the body of the complaint.  It shall also state the basis for Sharkey's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting her second amended complaint, Sharkey should be mindful of the Court's reasons for dismissing the claims in her initial Complaint and the Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.   The Clerk of Court is **DIRECTED** to send Sharkey a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number.  Sharkey may use this form to file her second amended complaint if she chooses to do so.[1]

7.   If Sharkey does not wish to further amend and intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Sharkey fails to file any response to this Order, the Court will conclude that Sharkey intends to stand on her Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                        */s/ R. Barclay Surrick*
                                        **R. BARCLAY SURRICK, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), do not apply to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). An analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, which is the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).